IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gary D. Ervin, | Case No. 1:15 CV 2296 |
| Petitioner, | ORDER ADOPTING <u>REPORT AND RECOMMENDATION</u> |
| -vs- | JUDGE JACK ZOUHARY |
| M. D. Carvajal, Warden, et al., | |
| Respondent. | |

### INTRODUCTION

Gary Ervin, a state prisoner, filed a Petition for Writ of Habeas Corpus asserting nine grounds for relief (Doc. 1). This case was referred to Magistrate Judge George Limbert for a Report and Recommendation ("R&R"). Respondent M. D. Carvajal moved to dismiss for lack of personal jurisdiction (Doc. 9). Respondent State of Ohio Attorney General moved to dismiss for procedural default (Doc. 11). Ervin opposed (Doc. 14). Judge Limbert recommends this Court dismiss the Petition as procedurally defaulted (Doc. 15). Ervin timely objected (Doc. 16). Accordingly, this Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981). For the reasons below, this Court adopts the R&R's conclusions and dismisses the Petition.

### BACKGROUND

As Ervin does not object to the facts and procedural history in the R&R (Doc. 15 at 1–9), this Court incorporates them by reference and briefly outlines the timeline of his state court appeals.

An Ohio jury convicted Ervin of murder, kidnaping, aggravated robbery, grand theft, and felonious assault (each with a firearm specification), and carrying concealed weapons (Doc. 11-1 at

19). The trial court sentenced Ervin to an aggregate prison term of thirty-one years to life, to run concurrently with his federal sentence arising out of the same incident (*id.*). Ervin appealed his conviction and sentence, arguing: (1) the trial court erred in denying his motion for acquittal; (2) the convictions were against the manifest weight of the evidence; (3) the trial court erred in ordering a consecutive sentence on some counts; and (4) the trial court erred in ordering the maximum sentence (*id.* at 25–64). In August 2006, the appeals court affirmed the judgment but vacated the sentence and remanded for resentencing (*id.* at 97–111). Three years later, in September 2009, Ervin filed a *pro se* motion for leave to file a late appeal, which the Ohio Supreme Court denied (*id.* at 135).

In September 2013, the trial court resentenced Ervin to the same aggregate prison term of thirty-one years to life (*id.* at 208). Ervin, through counsel, timely appealed. The Ohio appeals court initially dismissed for failure to file a praecipe as required by the local rules (*id.* at 216), but later allowed Ervin to file a late appeal (*id.* at 231). Ervin argued the trial court erred in (1) imposing a seven-year delay on his resentencing; (2) imposing a consecutive sentence absent the findings required under Ohio law; (3) imposing a consecutive sentence without considering whether the offenses were allied; and (4) ordering Ervin to pay costs not addressed in open court. The appeals court found no prejudice by the delay in resentencing and that the trial court properly considered the merger issue, but remanded for a second resentencing due to error in imposing a consecutive sentence and requiring Ervin to pay costs (*id.* at 279–83). At the second resentencing, the trial court ordered Ervin to serve an aggregate prison term of eighteen years to life (*id.* at 338). The Ohio Supreme Court declined jurisdiction over Ervin's *pro se* appeal (*id.* at 317), which was filed before the second resentencing.

Meanwhile, back in March 2009, Ervin applied to reopen his direct appeal under Ohio Appellate Rule 26(B), claiming both trial and appellate counsel were ineffective for failing to raise various objections and errors. The appeals court denied the application as untimely (*id.* at 181–85), and the Ohio Supreme Court declined jurisdiction (*id.* at 207). On the same date as his untimely Rule 26(B) application, Ervin also petitioned the trial court for post-conviction relief, raising ineffective-assistance-of-counsel and due process claims.[1] The trial court did not rule on Ervin's petition for post-conviction relief (*see State of Ohio v. Ervin*, No. CR-04-448726-B (Cuyahoga Cty. Common Pleas Ct.)). Under Ohio law, the petition therefore is considered denied. *Georgeoff v. O'Brien*, 105 Ohio App. 3d 373, 378 (1995) ("When a trial court fails to rule upon a motion, it will be presumed that it was overruled.").

## DISCUSSION

The Petition at hand asserts the following nine grounds for relief under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution (Doc. 1 at 5–9):

1. Ervin's Constitutional right to confront his accuser was violated through the hearsay evidence admitted in his trial;

2. Trial counsel was ineffective for failing to object to each Confrontation Clause violation;

3. Appellate counsel was ineffective for failing to raise each of the Confrontation Clause violations on direct appeal;

4. Appellate counsel was ineffective for failing to submit as error the trial court's denial of defense counsel's request for an expert witness material to the intended defense;

---

[1] A point of clarification: The R&R suggests grounds for relief one, two, seven, eight, and nine were first raised in Ervin's Rule 26(B) application. In fact, grounds one through six were first raised in the Rule 26(B) application, while grounds seven through nine were first raised in the petition for post-conviction relief, filed the same day. This minor discrepancy has no bearing on this Court's analysis.

  5.  Appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness for failing to [sic] and/or eliciting evidence about Ervin's prior conviction;

  6.  Appellate counsel was ineffective in failing to provide Ervin with a copy of the trial record;

  7.  Ervin was deprived of his constitutional right to testify on his own behalf due to ineffective assistance of counsel;

  8.  Ervin was deprived of Due Process, a right to a Fair Trial, and Effective Assistance of Counsel when trial counsel failed to present evidence; and

  9.  Ervin was denied his constitutional right to counsel during a critical stage in the proceeding.

The R&R recommends dismissing all nine claims as procedurally defaulted (Doc. 15 at 23). A petitioner's procedurally defaulted claims may be excused by a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin v. Smith*, 785 F.2d 135, 138–39 (6th Cir. 1986). Proving cause requires the petitioner to show an "'objective factor external to the defense impeded counsel [or petitioner]'s efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.*

**Res Judicata**

  Ervin failed to raise any of the nine grounds for relief on direct appeal. Instead, he asserted only claims regarding the weight of the evidence and the propriety of his sentence. Under Ohio law, the doctrine of res judicata precludes a petitioner from asserting claims not raised "at the earliest possible time." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (quoting *State v. Roberts*, 1 Ohio St. 3d 36, 39 (1982)).

4

Ervin first objects that the Magistrate Judge abused his discretion by raising the issue of res judicata when it was not addressed in the Attorney General's brief (Doc. 16 at 2). As an initial matter, this Court notes a federal court may summarily dismiss a habeas petition on any grounds "[i]f it plainly appears . . . the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases. Nevertheless, the Attorney General properly cited procedural default as grounds for dismissing Ervin's claims, and the Magistrate Judge correctly identified the legal basis for the default. Ervin has now had the opportunity to refute the Magistrate Judge's reasoning. He has not. This objection is overruled.

Ervin also suggests grounds one and two are "premised" on his appellate counsel's failure to bring the claims on direct appeal, and therefore could not be raised until his Rule 26(B) application. Accordingly, he argues res judicata does not apply. Even assuming Ervin may conflate his claims in this way, they remain procedurally defaulted because his Rule 26(B) application was untimely. As discussed below, Ervin fails to offer good cause for excusing his untimely filings. This objection is also overruled.

**Timeliness**

Ervin first raised grounds three, four, five, and six -- all asserting ineffective assistance of appellate counsel -- in his Rule 26(B) application. He first raised grounds seven, eight, and nine -- regarding ineffective assistance of trial counsel -- in his petition for post-conviction relief. For purposes of this analysis, this Court will assume all seven claims are based in part on evidence outside the trial record and therefore could not have been raised on direct appeal. *See McGuire v. Warden*, 738 F.3d 741, 751 (6th Cir. 2013) (discussing two types of ineffective assistance of counsel claims recognized by Ohio law).

5

Ervin filed his Rule 26(B) application and petition for post-conviction relief nearly three years after entry of the appellate judgment -- well beyond the 90- and 180-day deadlines, respectively. Ervin argues his delay should be excused for good cause; namely, that as a prisoner housed in Pennsylvania, where he was serving his federal sentence, he lacked access to reference materials regarding Ohio law and court procedures. Yet, as the Magistrate Judge observed, Ervin requested and received legal materials from his appellate counsel, the Ohio Public Defender's Office, the Ohio Supreme Court, and the director of the Akron University School of Law Legal Clinic.

Ervin objects that the information provided was unrelated to the requirements for collateral proceedings and did not advise him of the ninety-day deadline for filing a Rule 26(B) application. But Ervin's own requests were limited to questions about his direct appeal. Ervin has demonstrated he was able to obtain relevant legal materials upon request, and he points to no evidence suggesting he ever asked for information about Rule 26(B) or collateral proceeding requirements. Moreover, "ignorance of the law and procedural requirements . . . is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). This objection is overruled.

**Appellate Review**

Ervin also objects to the Magistrate Judge's conclusion that he failed to raise any of his nine grounds for relief before the Ohio Supreme Court. This Court's ruling on procedural default moots this objection.

## CONCLUSION

This Court overrules Ervin's Objection (Doc. 16) and adopts the R&R's conclusions (Doc. 15), for the reasons stated above. Respondent State of Ohio Attorney General's Motion to Dismiss (Doc. 11) is granted, and Ervin's Petition is dismissed with prejudice in its entirety. Respondent Carvajal's

Motion to Dismiss (Doc. 9) is denied as moot. This Court further certifies there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

  IT IS SO ORDERED.

                s/ *Jack Zouhary*
                JACK ZOUHARY
                U. S. DISTRICT JUDGE

                September 28, 2016